```
UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA
```

| | |
|---|---|
| BARNETT S. SALZMAN, et al.,<br><br>           Plaintiffs,<br>     v.<br><br>COUNTY OF FRESNO, et al.,<br><br>           Defendants. | 1: 01-CV-05990-REC-SMS<br><br>ORDER GRANTING FIRST AMENDED MOTION OF PLAINTIFF'S COUNSEL TO WITHDRAW AS PLAINTIFF'S COUNSEL (DOC. 68)<br><br>ORDER DIRECTING THE CLERK TO UPDATE THE DOCKET TO REFLECT PLAINTIFF'S PRO SE STATUS AND ADDRESS<br><br>INFORMATIONAL ORDER TO PLAINTIFF |

   Plaintiff is proceeding with a civil action in this Court. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302(c)(1) and 72-303.

   Plaintiff's complaint was filed on August 2, 2001. Plaintiff's first claim was a qui tam claim under the California and federal false claims statutes; the State of California did not intervene, and the claim was settled on January 28, 2005, as reflected in a joint stipulation of dismissal filed in this Court. Plaintiff's remaining claim is for damages for retaliation and discrimination by Defendant County of Fresno for Plaintiff's

whistle blowing. The case was partially unsealed on February 9, 2005. Attorney Donald R. Warren declares that the Defendants have not been served and have not appeared; service of process on Defendants is due on June 7, 2005.

The Court has reviewed the first amended motion to withdraw as attorney filed by Donald R. Warren and Phillip E. Benson, Plaintiff's attorneys, on April 20, 2005, and served by mail upon Plaintiff. The motion includes a declaration of attorney Warren. Plaintiff has not filed any opposition or other response to the motion. By separate order, the Court has vacated the hearing on the motion.

Attorney Warren declares that on April 14, 2005, Plaintiff Salzman was notified in writing of the decision to withdraw and of the bringing of this motion. He was further informed that he should retain new counsel or pursue the case on his own, and he was advised of the time within which the complaint must be served pursuant to Fed. R. Civ. P. 4. Warren also declares that he is going to return the case file to Salzman. Salzman's address and telephone number are stated in the moving papers.

I. Motion to Withdraw

The grounds of the motion are a complete breakdown in the attorney-client relationship. Warren declares that such a breakdown has occurred and that the contract regarding attorney's services and fees provides that attorneys have the right to withdraw from representation.

Local Rule 83-182(d) provides that an attorney who has appeared may not withdraw leaving the client in propria persona without leave of Court upon noticed motion and notice to the

2

client and all other parties who have appeared. Further, it requires that the attorney provide an affidavit stating the current or last known address or addresses of the client and the efforts made to notify the client of the motion to withdraw. Here, Plaintiff's address is stated in the moving papers. Local Rule 83-182 further states that withdrawal of the attorney is governed by the Rules of Professional Conduct of the State Bar of California, and that the attorney shall conform to the requirements of those Rules.

Local Rule 83-182 provides that an attorney may request withdrawal if grounds exist pursuant to the Rules of Professional Conduct of the State Bar of California. Rule of Professional Conduct 3-700(C)(1)(d) permits withdrawal if the client by his or her conduct renders it unreasonably difficult for the member to carry out the employment effectively; Rule 3-700(C)(6) permits withdrawal if the member believes in good faith in a proceeding pending before a tribunal that the tribunal will find he existence of good cause for withdrawal. Rule 3-700(A) provides in substance that a member must obtain permission to withdraw if rules of a tribunal require it; a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client, including giving due notice to the client, allowing time for employment of other counsel, promptly releasing papers and property, and complying with applicable laws and rules.

Here, Warren has established the breakdown in the attorney-client relationship; thus, grounds for withdrawal exist. He has notified the client of the deadlines and the instant motion in

3

writing. Further, a proof of service shows that the motion and declaration were served on April 20, 2005, on Plaintiff at the address given. Warren has provided the address and telephone number of the client. He has stated that the file was being delivered to Plaintiff.

Although the deadline for service is approaching, Plaintiff has had ample time to seek counsel or to prepare to serve Defendants. Plaintiff has not indicated that he has experienced any difficulty with effecting service or locating other counsel.

The moving attorneys having shown grounds for withdrawal and having complied with the applicable rules, the motion of attorneys Donald R. Warren and Phillip E. Benson to withdraw as attorneys for Plaintiff IS GRANTED.

II. Updating the Docket

Because the withdrawal of counsel results in Plaintiff's proceeding pro se in this action, the Clerk of Court IS DIRECTED TO UPDATE the docket to reflect Plaintiff's pro se status; his last known address of 3222 West Menlo Avenue, Fresno, California 93711; and his telephone number of (559) 448-0314.

III. Informational Order to Plaintiff

**Plaintiff IS INFORMED that failure to take appropriate legal action may result in serious legal consequences, and consideration of obtaining legal assistance is strongly advised.**

**Plaintiff is further advised that regardless of whether or not Plaintiff is represented by counsel, Plaintiff will be expected to comply with all the requirements and deadlines stated in the Court's scheduling order of August 2, 2001, and the pertinent Federal Rules of Civil Procedure; Plaintiff must**

4

1  effectuate service upon the Defendants no later than June 7,
2  2005. As a party appearing <u>in</u> <u>propria</u> <u>persona</u>, Plaintiff is also
3  required by Local Rule 83-183(b) to notify the Clerk and all
4  other parties of any change of address or telephone number.
5       A failure to comply with an order of the Court may result in
6  a recommendation that the action be dismissed or in other
7  sanctions. Local Rule 11-110.

9  IT IS SO ORDERED.
10 **Dated:   May 17, 2005**              /s/ Sandra M. Snyder
   icido3                         UNITED STATES MAGISTRATE JUDGE