```
 1
 2
 3
 4
 5
 6              IN THE UNITED STATES DISTRICT COURT FOR THE
 7                     EASTERN DISTRICT OF CALIFORNIA
 8
 9  UNITED STATES OF AMERICA AND  )    No. CV-F-01-5990 REC/SMS
    THE STATE OF CALIFORNIA ex    )
10  rel. Dr. Barnett S. Salzman,  )    ORDER STRIKING "AMENDED
    et al.,                       )    PETITION TO MEMORANDUM OF
11                                )    POINTS AND AUTHORITIES BY
                                  )    PLAINTIFF (Docs. 85 & 86),
12                                )    GRANTING DEFENDANTS' MOTION
                  Plaintiff,      )    TO DISMISS, AND DIRECTING
13                                )    PLAINTIFF TO FILE FIRST
         vs.                      )    AMENDED COMPLAINT WITHIN 30
14                                )    DAYS OF FILING DATE OF ORDER
                                  )
15  FRESNO COUNTY, et al.,        )
                                  )
16                                )
                  Defendant.      )
17                                )
                                  )
18
```

On October 3, 2005, the court heard defendants Fresno County and Fresno County Human Health System's motion to dismiss.

Just prior to oral argument, plaintiff Barnett S. Salzman, M.D., proceeding in pro per, filed two copies of a pleading captioned:

> AMENDED PETITION TO MEMORANDUM OF POINTS AND
> AUTHORITIES BY PLAINTIFF IN OPPOSITION TO
> DEFENDANT COUNTY OF FRESNO, INC.'S MOTION TO
> DISMISS UNDER Fed.Civ.R.Pro. 12(b)(6. [sic]
>
> REQUESTING DECLARATORY JUDGMENT TO GRANT

1

          PLAINTIFF DR. BARNETT S. SALZMAN COMPENSATORY
AND PUNITIVE DAMAGES AND OTHER RELIEF AS THIS
COURT DEEMS EQUITABLE, WITHOUT FURTHER DELAY.

The court strikes these two pleadings and does not consider them in resolving the motion to dismiss. The pleadings were not timely filed as required by Rule 78-230(c), Local Rules of Practice and neither defendants nor the court had any opportunity to review these pleadings prior to oral argument.[1]

This action is a <u>qui tam</u> action brought by Dr. Barnett S. Salzman and Dr. Jerome R. Lance on behalf of the United States and the State of California against the County of Fresno and the Fresno County Human Health System and Does 1-20. The Complaint was filed on August 2, 2001 under seal. The Complaint alleges that Dr. Salzman is a California licensed physician specializing in psychiatry employed by the County of Fresno. The Complaint alleges two causes of action. The First Cause of Action for violation of the federal and state false claims act has been settled and dismissed by court order filed under seal. The Second Cause of Action is brought solely by Dr. Salzman. The Second Cause of Action alleges in pertinent part:

> 20. Plaintiff Dr. Salzman complained to the management of the Fresno County Human Health System about the misuse of UPIN codes and the upcoding for services which were either at much lower level than indicated by the use of the billing code or was non-existant

---

[1] Dr. Salzman is advised that he is obligated to familiarize himself and comply with the Federal Rules of Civil Procedure and the Local Rules of Practice. Failure to comply with these rules may result in the imposition of sanctions, including the sanction of dismissal.

>           altogether.  In response Fresno's management
>           told not to discuss the fraudulent billings
>           [sic].
>
>           21.  As a result of such whistleblowing
>           reporting, the defendants have discriminated
>           against Dr. Salzman in the terms and
>           conditions of his employment by, among other
>           things, removing Dr. Salzman from his
>           supervisory duties (despite the fact that he
>           has been the chair of the Peer Review
>           Committee and a member of the Utilization
>           Review Board and is double Board Certified),
>           and by refusing to issue any letters of
>           recommendation to Dr. Salzman.  Additionally,
>           threats have been made to terminate Dr.
>           Salzman's employment, although that has not
>           occurred to date.  All of this retaliatory
>           conduct by the defendants is in violation of
>           the Federal False Claims Act, 31 U.S.C. §
>           3730(h) and the California False Claims Act,
>           Cal. Gov. Code § 12653.
>
>           22.  Dr. Salzman has been damaged by such
>           discrimination in an amount and to an extent
>           which will be shown at the time of trial.

The Second Cause of Action prays for the following relief: "compensation for any damages sustained as a result of the retaliation, including litigation costs and reasonable attorneys' fees and all other relief necessary to make Dr. Salzman whole" and "such other and further relief as the court deems just and proper."

Defendants move the court to dismiss the Second Cause of Action pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

Dismissal of a complaint pursuant to Rule 12(b)(6) is improper "unless it appears beyond doubt that the plaintiff can

3

prove no set of facts in support of his claim which would entitle him to relief." <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957).  In testing the sufficiency of a complaint against a Rule 12(b)(6) challenge, a court must "accept all material allegations in the complaint as true and construe them in the light most favorable to the plaintiff." <u>North Star Int'l v. Arizona Corp. Comm'n</u>, 720 F.2d 578, 580 (9th Cir. 1983).  The Court need not, however, "accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." <u>Clegg v. Cult Awareness Network</u>, 18 F.3d 752 (9th Cir. 1994).

A complaint may be dismissed as a matter of law if there is a lack of a cognizable legal theory or if there are insufficient facts alleged under a cognizable legal theory. <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir. 1990).  The Court must determine whether or not it appears to a certainty under existing law that no relief can be granted under any set of facts that might be proved in support of a plaintiff's claims. <u>De La Crux v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978), *cert. denied*, 441 U.S. 965, 99 S. Ct. 2416, 60 L. Ed. 2d 1072 (1979).  Normally, affirmative defenses should be raised in a responsive pleading rather than in a motion to dismiss. <u>Scott v. Kuhlmann</u>, 746 F.2d 1377, 1378 (9th Cir. 1984). An affirmative defense, however, may properly be raised in a motion to dismiss where the affirmative defense is apparent on the face of the complaint and the defense raises no disputed issues of fact. <u>Id.</u>  Such

4

affirmative defenses typically include laches, statute of limitations, and lack of jurisdiction.[2]

Defendants move to dismiss the Second Cause of Action on two grounds, failure to allege compliance with the California Government Tort Claims Act and failure to allege facts establishing the elements of a federal False Claims Act retaliation claim.

**A. Failure to Allege Compliance with California Government Tort Claims Act**.

As noted, by the Second Cause of Action, Dr. Salzman seeks relief pursuant to California Government Code § 12653. Section 12653 provides in pertinent part:

> (b) No employer shall discharge, demote, suspend, threaten, harass, deny promotion to, or in any other manner discriminate against, an employee in the terms and conditions of employment because of lawful acts done by the employee on behalf of the employee or others in disclosing information to a government or law enforcement agency or in furthering a false claim action, including investigation for, initiation of, testimony for, or assistance in, an action filed or to be filed under Section 12652.
>
> (c) An employer who violates subdivision (b) shall be liable for all relief necessary to make the employee whole, including reinstatement with the same seniority status that the employee would have had but for the discrimination, two times the amount of back pay, interest on the back pay, compensation for any special damage sustained as a result

---

[2] Attached to Dr. Salzman's opposition to this motion are copies of numerous documents. The court disregards these documents in resolving this motion to dismiss and, therefore, does not convert the motion to dismiss to a motion for summary judgment.

     of the discrimination, and, where
     appropriate, punitive damages.  In addition,
     the defendant shall be required to pay
     litigation costs and reasonable attorneys'
     fees.  An employee may bring an action in the
     appropriate superior court of the state for
     the relief provided in this subdivision.

In Campbell v. Regents of the University of California, 35 Cal.4th 311 (2005), petition for cert. filed, No. 05-233, the California Supreme Court held that an employee alleging a violation of Section 12653 must exhaust internal administrative remedies before filing suit.  In Campbell, the University of California had adopted internal administrative remedies pertaining to claims by its employees of retaliation resulting from the reporting of improper activities.

  Relying on Campbell, defendants argue that the relief sought by Dr. Salzman in the Second Cause of Action demonstrates that this cause of action is subject to the claims filing requirements of the California Government Tort Claims Act.

  Dr. Salzman does not contest the applicability of the California Government Tort Claims Act to that aspect of the Second Cause of Action seeking relief California Government Code § 12653.  Dr. Salzman conceded at oral argument that he did not comply with the claim requirement of the California Government Tort Claims Act before the filing of the Complaint in this action.

  Therefore, that the Second Cause of Action is dismissed without leave to amend to the extent that the Second Cause of Action is based on the California False Claims Act.

6

**B.  Failure to Plead Elements of Federal False Claims Act Retaliation Claim**.

As noted, the Second Cause of Action also pleads a violation of 31 U.S.C. § 3730(h).  Section 3730(h) provides in pertinent part:

> Any employee who is discharged, demoted, suspended, threatened, harassed, or in any other manner discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in any action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. ....

In U.S. ex rel. Hopper v. Anton, 91 F.3d 1261 (9th Cir. 1996), cert. denied, 519 U.S. 1115 (1997), the Ninth Circuit, in an opinion reviewing summary judgment, held that there are three elements that a plaintiff must prove in any Section 3730(h) cause of action: "1) the employee must have been engaging in conducted protected under the Act; 2) the employer must have known that the employee was engaging in such conduct; and 3) the employer must have discriminated against the employee because of [his] protected conduct."  91 F.3d at 1269.

Defendants argue that the Complaint does not allege facts from which it may be inferred that Dr. Salzman engaged in conduct protected under the False Claims Act.  In so arguing, defendants note that the Complaint merely alleges:

> 20.  Plaintiff Dr. Salzman complained to the management of the Fresno County Human Health

7

```
            System about the misuse of UPIN codes and the
            upcoding for services which were either at
            much lower level than indicated by the use of
            the billing code or was non-existant
            altogether.  In response Fresno's management
            told not to discuss the fraudulent billings
            [sic].
```

Defendants argue that Dr. Salzman does not allege that he made the complaints about the misuse of the codes in furtherance of an action under the False Claims Act.  In so arguing, defendants refer the court to the following discussion in <u>Hopper</u>:

```
            In this case, Hopper was not engaged in
            activity protected under the Act.  Judgment
            should have been granted against her as a
            matter of law.  Section 3730(h) only protects
            employees who have acted 'in furtherance of
            an action' under the FCA.  Specific awareness
            of the FCA is not required.  However, the
            plaintiff must be investigating matters which
            are calculated, or reasonably could lead, to
            a viable FCA action ....

            The entire record fails to demonstrate Hopper
            was engaged in 'furtherance of an action'
            under the FCA.  Rather, the record quite
            clearly shows Hopper was merely attempting to
            get the School District to comply with
            Federal and State regulations.  Her numerous
            written complaints, seventy letters and over
            fifty telephone calls were all directed to
            this end.  She was not trying to recover
            money for the government; she was attempting
            to get classroom teachers into IEP evaluation
            sessions.  She was not investigating fraud.
            She was not whistleblowing as envisioned in
            the paradigm qui tam FCA action ... Quite
            plainly, the thrust of her complaints was
            that the School District was failing to meets
            its IDEA obligations to its students.
            Correcting regulatory problems may be a
            laudable goal, but not one actionable under
            the FCA in the absence of actual fraudulent
            conduct.  Her FCA allegations were not
            sufficient to pass summary judgment muster.
            Her investigatory activity did not have any
            nexus to the FCA.  Thus, the district court
```

8

> should have granted the School District's motion for judgment as a matter of law.

91 F.3d at 1269.  Defendants further argue that the Second Cause of Action does not allege facts from which it may be inferred that Dr. Salzman's employer was aware that Dr. Salzman was investigating fraud.  Again, defendants refer the court to Hopper:

> Further, unless the employer is aware that the employee is investigating fraud, the employer could not possess the retaliatory intent necessary to establish a violation of § 3730(h) ... The legislative history clearly provides that a 'whistleblower must show the employer had knowledge the employee was engaged in "protected activity."' ...

Defendant's contend that the Complaint "is devoid of any factual allegations tending to show that Defendant had knowledge of the fact, or was placed on notice that, [Dr. Salzman] was investigating the County for 'defrauding' the Federal government."

    Although Hopper involved summary judgment, not a motion to dismiss for failure to state a claim, the court concludes that the allegations of the Complaint are deficient for the reasons argued by defendants.  However, the court cannot conclude that Dr. Salzman cannot amend the Second Cause of Action to state a claim with regard to the elements set forth in Hopper.

    Consequently, the Second Cause of Action is dismissed with leave to amend to the extent that it purports to state a claim

9

for relief pursuant to 31 U.S.C. § 3730(h).[3]

ACCORDINGLY:

1. The Second Cause of Action is dismissed with prejudice to the extent that it is based on California Government Code § 12653.

2. The Second Cause of Action is dismissed with leave to amend to the extent that it is based on 31 U.S.C. § 3730(h).

3. Dr. Salzman shall file a First Amended Complaint in accordance with this Order within 30 days of the filing date of this Order.

IT IS SO ORDERED.

**Dated: October 11, 2005**         **/s/ Robert E. Coyle**
668554                              UNITED STATES DISTRICT JUDGE

---

[3] In amending the Second Cause of Action, defendants move the court to require Dr. Salzman to delete allegations in the Complaint which have been rendered immaterial by the stipulated dismissal of the First Cause of Action, including references to the United States and the State of California. The court does order that Dr. Salzman not refer in the Amended Complaint to the terms and conditions of the stipulated dismissal of the First Cause of Action. However, because defendants do not specifically describe the allegations asserted to be immaterial and because Dr. Salzman may be hampered in stating a claim if he cannot refer to the conduct alleged to have constituted a violation of the federal False Claims Acts, the court will not further proscribe the allegations of the Amended Complaint.