IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES and THE STATE OF CALIFORNIA ex rel. DR. BARNETT S. SALZMAN, et al.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FRESNO COUNTY, et al.,<br><br>　　　　　Defendant. | No. CV-F-01-5990 REC/SMS<br><br>ORDER GRANTING DEFENDANTS' MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH PREJUDICE |

On January 9, 2006, the court heard defendants' motion to dismiss the First Amended Complaint filed by plaintiff Dr. Barnett S. Salzman. Dr. Salzman, who is proceeding <u>in pro per</u>, did not file a written response to defendants' motion nor did he appear at oral argument.

Upon due consideration of the record and defendants' arguments, the court hereby grants defendants' motion for the reasons set forth herein.

This is a <u>qui tam</u> action brought by Dr. Barnett S. Salzman

1

1 and Dr. Jerome R. Lance on behalf of the United States and the
2 State of California against the County of Fresno and the Fresno
3 County Human Health System and Does 1-20.  The Complaint was
4 filed on August 2, 2001 under seal.  The Complaint alleged that
5 Dr. Salzman is a California licensed physician specializing in
6 psychiatry employed by the County of Fresno.  The Complaint
7 alleged two causes of action.  The First Cause of Action for
8 violation of the federal and state false claims act has been
9 settled and was dismissed by court order filed under seal.  The
10 Second Cause of Action in the Complaint was brought solely by Dr.
11 Salzman.  The Second Cause of Action purported to allege claims
12 under the Federal False Claims Act, 31 U.S.C. § 3730(h) and the
13 California False Claims Act, Cal. Gov. Code § 12653.  On October
14 3, 2005, the court heard defendants' motion to dismiss the Second
15 Cause of Action.  By Order filed on October 13, 2005, the court
16 dismissed with prejudice that aspect of the Second Cause of
17 Action alleging a claim for relief under California Government
18 Code § 12653 for failure to comply with the California Government
19 Tort Claims Act.  The court dismissed with leave to amend that
20 aspect of the Second Cause of Action based on a violation of 31
21 U.S.C. § 3730(h).  In so dismissing, the court ruled in pertinent
22 part:

> As noted, the Second Cause of Action also
> pleads a violation of 31 U.S.C. § 3730(h).
> Section 3730(h) provides in pertinent part:
>
>> Any employee who is discharged,
>> demoted, suspended, threatened,
>> harassed, or in any other manner

2

> discriminated against in the terms and conditions of employment by his or her employer because of lawful acts done by the employee on behalf of the employee or others in furtherance of an action under this section, including investigation for, initiation of, testimony for, or assistance in any action filed or to be filed under this section, shall be entitled to all relief necessary to make the employee whole. ....

In U.S. ex rel. Hopper v. Anton, 91 F.3d 1261 (9th Cir. 1996), cert. denied, 519 U.S. 1115 (1997), the Ninth Circuit, in an opinion reviewing summary judgment, held that there are three elements that a plaintiff must prove in any Section 3730(h) cause of action: "1) the employee must have been engaging in conducted protected under the Act; 2) the employer must have known that the employee was engaging in such conduct; and 3) the employer must have discriminated against the employee because of [his] protected conduct." 91 F.3d at 1269.

Defendants argue that the Complaint does not allege facts from which it may be inferred that Dr. Salzman engaged in conduct protected under the False Claims Act. In so arguing, defendants note that the Complaint merely alleges:

> 20. Plaintiff Dr. Salzman complained to the management of the Fresno County Human Health System about the misuse of UPIN codes and the upcoding for services which were either at much lower level than indicated by the use of the billing code or was non-existant altogether. In response Fresno's management told not to discuss the fraudulent billings [sic].

Defendants argue that Dr. Salzman does not allege that he made the complaints about the misuse of the codes in furtherance of an action under the False Claims Act. In so

3

1          arguing, defendants refer the court to the
           following discussion in <u>Hopper</u>:
2
                In this case, Hopper was not
3               engaged in activity protected under
                the Act.  Judgment should have been
4               granted against her as a matter of
                law.  Section 3730(h) only protects
5               employees who have acted 'in
                furtherance of an action' under the
6               FCA.  Specific awareness of the FCA
                is not required.  However, the
7               plaintiff must be investigating
                matters which are calculated, or
8               reasonably could lead, to a viable
                FCA action ....
9
                The entire record fails to
10              demonstrate Hopper was engaged in
                'furtherance of an action' under
11              the FCA.  Rather, the record quite
                clearly shows Hopper was merely
12              attempting to get the School
                District to comply with Federal and
13              State regulations.  Her numerous
                written complaints, seventy letters
14              and over fifty telephone calls were
                all directed to this end.  She was
15              not trying to recover money for the
                government; she was attempting to
16              get classroom teachers into IEP
                evaluation sessions.  She was not
17              investigating fraud.  She was not
                whistleblowing as envisioned in the
18              paradigm <u>qui tam</u> FCA action ...
                Quite plainly, the thrust of her
19              complaints was that the School
                District was failing to meets its
20              IDEA obligations to its students.
                Correcting regulatory problems may
21              be a laudable goal, but not one
                actionable under the FCA in the
22              absence of actual fraudulent
                conduct.  Her FCA allegations were
23              not sufficient to pass summary
                judgment muster.  Her investigatory
24              activity did not have any nexus to
                the FCA.  Thus, the district court
25              should have granted the School
                District's motion for judgment as a
26              matter of law.

4

    91 F.3d at 1269.  Defendants further argue
that the Second Cause of Action does not
allege facts from which it may be inferred
that Dr. Salzman's employer was aware that
Dr. Salzman was investigating fraud.  Again,
defendants refer the court to <u>Hopper</u>:

> Further, unless the employer is
> aware that the employee is
> investigating fraud, the employer
> could not possess the retaliatory
> intent necessary to establish a
> violation of § 3730(h) ... The
> legislative history clearly
> provides that a 'whistleblower must
> show the employer had knowledge the
> employee was engaged in "protected
> activity."' ...

    Defendant's contend that the Complaint "is
devoid of any factual allegations tending to
show that Defendant had knowledge of the
fact, or was placed on notice that, [Dr.
Salzman] was investigating the County for
'defrauding' the Federal government."

    Although <u>Hopper</u> involved summary judgment,
not a motion to dismiss for failure to state
a claim, the court concludes that the
allegations of the Complaint are deficient
for the reasons argued by defendants.
However, the court cannot conclude that Dr.
Salzman cannot amend the Second Cause of
Action to state a claim with regard to the
elements set forth in <u>Hopper</u>.

    Consequently, the Second Cause of Action is
dismissed with leave to amend to the extent
that it purports to state a claim for relief
pursuant to 31 U.S.C. § 3730(h).

  Dr. Salzman timely filed a "First Amended Complaint by Plaintiff; Second Cause of Action".  The First Amended Complaint alleges:

> Comes now Plaintiff Dr. Salzman to file a
> first amended complaint to reflect the terms
> and conditions of the stipulated dismissal of
> the First Cause of Action in the Federal

```
 1            False Claims Lawsuit known as Case Number
              101-CV-5990-REC-SMS [sic].
 2            Plaintiff has alleged facts establishing the
              elements of a Federal False Claims Act
 3            Violation and filed under Seal in this
              Federal Court ... in 2001 naming Dr. Barnett
 4            S. Salzman as the U.S. co-plaintiff, who
              provided the original evidence that proved
 5            beyond a doubt that the Violation of The
              Federal False Claims Act did occur.
 6            Plaintiff further alleges retaliation by the
              Defendants Which included suspension without
 7            pay, slander, libel Forced psychiatric
              evaluation, demotion, harassment Threats of
 8            termination, subjecting plaintiff to an
              excessively hostile work environment and
 9            dangerous Workplace environment, denied
              promotion, letters of Reference,
10            falsification of personnel records to defame
              Plaintiff; forcing plaintiff to hire several
11            different Attorneys exhausting his funds;
              subjecting plaintiff And his family to
12            continuous emotional distress - directly
              Resulting in dependent wife suffering both
13            physical And mental breakdown and loss of
              consortium; directly resulting in plaintiff
14            suffering from Post-traumatic stress disorder
              a worsening of high blood pressure,
15            cerebrovascular stroke, multiple stress-
              related physical illnesses, including
16            bilateral acute kidney failure, multiple
              dermatoses worsening of osteoarthritis,
17            community acquired pneumonitis, teeth
              grinding dental problems including biting
18            through several dental plates - and other
              illnesses; forcing reduction of work hours
19            from 40hr/wk to 32hrs/wk with reduction in
              pay and benefits.  Marked withdrawal from
20            social appearances, fear and anxiety -
              leading to further ridicule and harassment by
21            Management - and suffering verbal insults and
              discrimination and further medical expense.
22            To this date, there has been no apology or
              Expunging of libelous statements.
23            Due to this cruel and sadistic treatment, the
              plaintiff Has refused to abandon this second
24            cause of action And prays for declaratory
              judgment against the Defendants and will seek
25            all legal remedies Including compensatory and
              punitive damages.
26            I pray for relief from publically revealing
```

>     the specific Names of those complicit in this
>     misconduct and to refrain from reliving the
>     injuries received while performing my duty as
>     a physician and u.s. citizen.
>     Yet, it is my belief that there are other
>     witnesses and whistleblowers who see in my
>     injuries and debasement reason not to come
>     forward and report unlawful acts.
>     I pray that justice shall prevail.
>     I refer to documents and exhibits filed under
>     oath in this case.

As defendants argue, the allegations of the First Amended Complaint do not suffice to allege the elements of a claim under Section 3730(h).[1] As defendants contend, dismissal for failure to state a claim is required because the First Amended Complaint fails to allege that Dr. Salzman was engaged in any "protected activity" within the meaning of the statute. The First Amended Complaint fails to allege any fact or facts from which a nexus between Dr. Salzman in furtherance of an action under the FCA may be inferred. Furthermore, the First Amended Complaint does not allege facts from which it may be inferred that Dr. Salzman's employer was aware that Dr. Salzman was investigating fraud, i.e., the protected activity. The First Amended Complaint is devoid of any factual allegations from which it may be inferred that Dr. Salzman's employer had knowledge of the fact or was placed on notice that Dr. Salzman was investigating defendants for defrauding the United States. Finally, defendants argue that the First Amended Complaint fails to allege that defendants

---

[1] The First Amended Complaint supersedes the Complaint. Therefore, filing of the First Amended Complaint, the Complaint no longer performs any function and is treated as non-existant. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

7

discriminated against Dr. Salzman for engaging in protected activity.

Because Dr. Salzman was informed by court order of the requirements to state a claim under Section 3730(h) and did not respond to defendants' motion to dismiss, the court concludes that Dr. Salzman is unable to further amend to state a claim. Therefore, the court dismisses the First Amended Complaint as brought by Dr. Salzman with prejudice and without further leave to amend.

IT IS SO ORDERED.

**Dated:  January 17, 2006**                    **/s/ Robert E. Coyle**
668554                                       UNITED STATES DISTRICT JUDGE